NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**SAYALI KULKARNI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————————

2025-1597

———————————————

Petition for review of the Merit Systems Protection Board in No. DE-1221-19-0157-W-1.

----------------------------------------------

**ABHIJIT KULKARNI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————————

2025-1598

———————————————

Petition for review of the Merit Systems Protection Board in No. DE-1221-19-0158-W-1.

———————————

Decided:  December 15, 2025

———————————

SAYALI KULKARNI, Salt Lake City, UT, pro se.

ABHIJIT KULKARNI, Salt Lake City, UT, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

———————————

Before DYK, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Dr. Sayali Kulkarni and her husband, Dr. Abhijit Kulkarni, (collectively, the Kulkarnis) petition for review of their respective final orders by the Merit Systems Protection Board (Board), which dismissed their Individual Right of Action (IRA) appeals for lack of jurisdiction.[1]  *See Kulkarni v. Dep't of Veterans Affs.*, No. DE-1221-19-0157-W-1, 2024 WL 365145 (M.S.P.B. Jan. 30, 2024) (*Final Order*)

———————————

[1]    Appeal No. 2025-1597 and Appeal No. 2025-1598 were briefed separately.  However, because both appeals raise identical issues based on materially identical records and the briefing is essentially the same, we address both together.  For simplicity, references to the briefing are those filed in connection with Appeal No. 2025-1597.

(SAppx 1–19)[2]; *Kulkarni v. Dep't of Veterans Affs.*, No. DE-1221-19-0157-W-1, 2019 WL 1516850 (M.S.P.B. Apr. 4, 2019) (*Initial Decision*) (SAppx 21–37).[3] For the following reasons, we *affirm*.

## BACKGROUND

The Kulkarnis have served as Department of Veterans Affairs (VA) physicians in the Compensation and Pension section of the Veterans Health Administration. *See Final Order*, 2024 WL 365145, at *1. In that role, they have provided medical opinions for assessing veterans' claims for disability benefits. *Id.*

From November 2013 to May 2015, the Kulkarnis expressed concerns about their supervisor, their colleagues' competence, the VA's purportedly unsympathetic approach to evaluating veterans' claims, gross mismanagement within the agency, and potential public health and safety dangers caused by conduct within the agency. *See id.* at *2.

Among other actions, the VA purportedly gave them a "pay table demotion" in July 2017. *See id.*; SAppx 51, 56. They then filed whistleblower reprisal complaints with the Office of Special Counsel (OSC), and once OSC finished

---

[2] "SAppx" refers to the supplemental appendix filed with the Government's brief.

[3] Corresponding decisions for Dr. Abhijit Kulkarni are as follows: *Kulkarni v. Dep't of Veterans Affs.*, No. DE-1221-19-0158-W-1, 2024 WL 365141 (M.S.P.B. Jan. 30, 2024); *Kulkarni v. Dep't of Veterans Affs.*, No. DE-1221-19-0158-W-1, 2019 WL 1516849 (M.S.P.B. Apr. 4, 2019). Because the online version of the Initial Decision lacks pagination, we use the pagination employed in the Board's original document. For example, "*Initial Decision*, 2019 WL 1516850, at 1" corresponds to the first page of the Initial Decision, located at SAppx 21.

investigating their complaints, they filed appeals with the Board. *Final Order*, 2024 WL 365145, at *1.

The Administrative Judge dismissed their IRA appeals for lack of jurisdiction. *See Initial Decision*, 2019 WL 1516850, at 10. In doing so, he explained that some disclosures merely recited the legal standard without providing any factual allegations, *id.* at 6, that other disclosures did not amount to a "protected disclosure" as contemplated by 5 U.S.C. § 2302(b)(8), *id.* at 6, and that any remaining disclosures simply represented a disagreement over the agency's policy decisions on how it exercises discretionary authority, *id.* at 9. After concluding that they offered no "nonfrivolous allegation[s] of whistleblowing," the Administrative Judge dismissed their appeals. *Id.* at 10.

The Kulkarnis then petitioned the full Board for review of their respective Initial Decisions. *Final Order*, 2024 WL 365145, at *1. But before the Board ruled on their petitions, the Kulkarnis and the VA entered into a settlement agreement, which resolved all but one claim: a claim against the pay table demotion. *See id.* at *2. The Board denied their petitions for review, but modified the Initial Decisions to expressly address their disclosures of alleged "substantial and specific danger[s] to public health or safety." *Id.* at *1, *6. On this front, the Board found their disclosure of a purported danger "too remote and speculative." *Id.* at *6.

The Kulkarnis appeal to this court, contending that they non-frivolously alleged a series of protected disclosures, and therefore, established jurisdiction before the Board. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### STANDARD OF REVIEW

"We review the Board's legal conclusion regarding the scope of its own jurisdiction for correctness and without deference to the Board's determination." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

DISCUSSION

To establish jurisdiction with the Board, a petitioner must "make[] 'non-frivolous allegations' that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020). "An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) Is more than conclusory; (2) Is plausible on its face; and (3) Is material to the legal issues in the appeal." *Id.* at 1368 (quoting 5 C.F.R. § 1201.4(s)).

We see no error with the Board's determination that the Kulkarnis' allegations regarding concerns about their supervisor, their colleagues' competence, the VA's purportedly unsympathetic approach to evaluating veterans' claims, gross mismanagement within the agency, and potential public health and safety dangers caused by conduct within the agency failed to amount to nonfrivolous allegations of protected disclosures. Further, the Kulkarnis' arguments with regard to 5 U.S.C. § 2302(b)(9), a subsection of the Whistleblower Protection Act, are forfeited because these arguments were not raised before the Administrative Judge.

The Kulkarnis offer two arguments for why the Board erred in dismissing their appeals for lack of jurisdiction. First, they contend that an investigating attorney within OSC suggested that they have a "compelling argument," thereby rendering their allegations nonfrivolous. *See* Pet'r's Informal Br. 3 (citation omitted). And second, because the Office of Accountability Review (OAR) as well as the Administrative Investigation Board (AIB)—internal disciplinary bodies within the VA—purportedly substantiated their claims of gross mismanagement, their allegations were nonfrivolous. *Id.* at 2. We reject both.

As to the former, the Board's jurisdiction turns on what the Kulkarnis pled before the Board. *See, e.g., Hessami*, 979 F.3d at 1369. Yet they do not identify where—either in their complaints to OSC or in their appeals to the Board—they included those statements by the investigating attorney. And more importantly, even if they did include these statements, they do not indicate how a third-party's characterization of their situations renders their disclosures nonfrivolous as a legal matter.

As to the latter, the Kulkarnis do not explain how the findings by an intra-agency disciplinary body support that they made nonfrivolous allegations. Indeed, the Board explained that "the misconduct identified by the OAR/AIB [against their supervisor] . . . is not the alleged mismanagement [they] disclosed," and they offer no explanation for why the Board erred in finding so. *See Final Order*, 2024 WL 365145, at *5.

There is one last issue and that is with respect to the Kulkarnis' reply briefs; they contain multiple citations to non-existent cases and parenthetical mischaracterizations of existent cases.[4] Despite these blatant errors, the Kulkarnis do not admit that they used AI-generated hallucinations in their briefing; yet they do not deny it either, nor do they identify the source of their false citations and quotations. *See* ECF No. 36. While pro se litigants are understandably held to a less stringent standard than parties represented by counsel, a baseline, common-sense

---

[4]    For example, the reply briefs cite "Special Counsel v. Hatch, 654 F.3d 1376, 1382 (Fed. Cir. 2011)." *See* Pet'r's Informal Reply Br. 9. In fact, the reporter citation points to a page in *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366 (Fed. Cir. 2011), a patent case. As yet another example, the reply briefs quote language from *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) that does not appear in the opinion. *See* Pet'r's Informal Reply Br. 3.

standard nonetheless requires that all parties refrain from citing non-existent case law and quoting non-existent language. To follow the Kulkarnis' invitation to simply ignore their conduct would be unacceptable, especially given their refusal to accept any responsibility for their fictitious citations. Under the circumstances, we grant the Board's motions to strike the Kulkarnis' informal reply briefs.[5] *See* ECF No. 35.[6]

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. We therefore *affirm*.

## AFFIRMED

### COSTS

No costs.

---

[5]    We also note that, in any event, the arguments in the reply briefs were new and thus not timely raised. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

[6]    *See also* ECF No. 37 in Appeal No. 2025-1598.